UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN E. F.,<br><br>               Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 22-5980 SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Child's Disability Insurance Benefits ("CDIB"). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 2001. AR 16. He had an individualized education plan ("IEP") and received special education instruction throughout elementary school and high school. AR 293-391, 402-584. He has no past relevant work. AR 32.

On August 26, 2019, Plaintiff applied for benefits, alleging disability as of his birthdate in March 2001. AR 16, 201-09. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 72-81, 83-104, 134-35. After the ALJ conducted a hearing on November 22, 2021, the ALJ issued a decision on December 22, 2021, finding Plaintiff not disabled. AR 39-70, 16-34.

## CHILD DISABILITY INSURANCE BENEFITS

Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died. *See* 20 C.F.R. § 404.350(a). The same definition of disability and five-step sequential evaluation process also governs eligibility for disabled child's insurance benefits. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2). In addition, in order to qualify for disabled child's insurance benefits several criteria must be met. 20 C.F.R. § 404.350(a)(1)-(5). As relevant here, if the claimant is over age eighteen, he must have a disability that began before he reached age twenty-two. 20 C.F.R. § 404.350(a)(5). Accordingly, the relevant period here is between Plaintiff's eighteenth birthday and the date of the ALJ's decision: March 13, 2019, through December 22, 2021.[1]

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has never engaged in substantial gainful activity.

**Step two**: Plaintiff has the following severe impairments: autism.

---

[1] The ALJ's decision was issued prior to Plaintiff's twenty-second birthday in March 2023, and thus provides the outer limit for the relevant period in this case.

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform:

> [A] full range of work at all exertional levels that consists of simple tasks; that is the same tasks over and over; that does not require more than occasional, superficial interaction with the general public; that occurs in a predictable work environment; and that provides clear goals to the worker.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including hand packager, cleaner of lab equipment, and router, Plaintiff is not disabled.

AR 16-34.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) *superseded on other grounds by* 20 C.F.R. § 416.920(a) (citations omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

---

[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. --, 139 S. Ct. 1148, 1154 (2019); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating the December 2020 opinion of consultative examiner, Dr. William Chalstrom, and in failing to evaluate the August 2005 opinion from Dr. J. Keith Peterson. Dkt. 14 at 1; AR 289-92 (Dr. Peterson's opinion); AR 671-74 (Dr. Chalstrom's opinion). The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence.

Dr. Chalstrom examined Plaintiff and reviewed Plaintiff's medical and educational records in conjunction with his December 2020 opinion. Dr. Chalstrom diagnosed autism spectrum disorder based on Plaintiff's "restricted, repetitive patterns of behavior," his "abnormalities in eye contact and body language," and his "understanding and us[e of] gestures." AR 673. He opined that Plaintiff was capable of "completing simple repetitive tasks, but would probably have difficulty performing detailed or more complex tasks." AR 674. Additionally,

Dr. Chalstrom opined that Plaintiff would "probably have difficulty interacting appropriately with coworkers and the public. . . [and] would not be expected to deal well with the usual stresses encountered in a competitive workplace environment." AR 674. The ALJ rejected Dr. Chalstrom's opinion as "generally unpersuasive," which Plaintiff challenges. AR 30.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. *See* 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ made ambiguous supportability findings regarding Dr. Chalstrom's opinion, initially finding that "Dr. Chalstrom performed a thorough consultative examination of [Plaintiff] and supported his opinion with his examination findings." AR 30. However, in a subsequent paragraph, the ALJ summarized Dr. Chalstrom's observations at the examination. AR 30. The Commissioner argues that this subsequent summary of observations constitutes a finding that the opinion was not supportable. Dkt. 22 at 6-8. The Court, however, disagrees, and finds that the ALJ's supportability determination was, at best, ambiguous.

Turning to consistency, Plaintiff argues that the ALJ erred in assessing the consistency of Dr. Chalstrom's opinion because he failed to evaluate, much less discuss, the August 2005 opinion from Dr. Peterson. Dkt. 14 at 5-6. Dr. Peterson prepared the opinion, which is a component of Plaintiff's IEP and educational records, after examining Plaintiff, administering mental, cognitive, and behavioral tests, reviewing Plaintiff's medical records, and interviewing Plaintiff and his mother when Plaintiff was a young child. AR 289-92. Dr. Peterson diagnosed

Plaintiff with autism and mild mental retardation and opined that he was "likely to have continuing social and academic problems." AR 292.

The Commissioner admits that the ALJ failed to specifically consider Dr. Peterson's opinion, but argues that he was not required to because it did not constitute a "medical opinion" since it failed to discuss limitations related to Plaintiff's ability to work and because it was remote in time. Dkt. 22 at 11-13. Alternatively, the Commissioner argues that there was no harmful error because the ALJ incorporated all of Dr. Peterson's findings in Plaintiff's assessed RFC. Dkt. 22 at 13.

The Commissioner, however, overlooks that even if Dr. Peterson's opinion did not constitute a "medical opinion" under 20 C.F.R. § 404.1513(a)(2) because it did not opine regarding work-related impairments, the ALJ was nevertheless required to consider the opinion pursuant to the pertinent Social Security Ruling governing cases involving young adults between the ages of 18 and 25. *See* Social Security Ruling ("SSR") 11-2p, Titles II and XVI: Documenting and Evaluating Disability in Young Adults, 2011 WL 4055665, at *1 (Sept. 12, 2011).[4] In particular, SSR 11-2p instructs ALJs to consider evidence from other sources who are not medical sources, "but who know and have contact with the young adult [and] can help [the ALJ] evaluate the severity and impact of a young adult's impairment(s)."[5] *Id.* at *5. SSR 11-2p also specifically identifies four categories of evidence that an ALJ should consider in determining a young adult's functioning, including: (1) evidence concerning whether the young adult received special education and related services; (2) evidence pertaining to any IEP

---

[4] SSR 11-2p is binding on ALJs. *See Heckler v. Edwards*, 465 U.S. 870, 873 n. 3 (1984) (Social Security Rulings are binding on all SSA decisionmakers).

[5] The ruling provides examples of such non-medical sources, including "family members or educational personnel (for example, teachers and counselors), public and private social welfare agency personnel, and others (for example, friends, neighbors, and clergy)." 2011 WL 4055665, at *5.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 6

formulated for the young adult, describing the skills they needed to develop; (3) evidence pertaining to IEP transition goals, whether transitioning to supervised and supported work and living settings, or independent ones; and (4) considerations related to the fact that goals contained in an IEP may be set at an achievable level to foster a sense of accomplishment, and "may be lower than what would be expected of a young adult without impairments." *Id.* at *10-13.

Dr. Peterson's opinion constitutes the very type of evidence that SSR 11-2p requires an ALJ to consider in a case like this one, which involves a young adult claimant without any relevant work experience. Moreover, contrary to the Commissioner's argument otherwise, the fact that Dr. Peterson's opinion predated Plaintiff's onset date (his eighteenth birthday) did not render it irrelevant or too remote. *See id.* at *5 & n. 19 (emphasis added) (noting that "[m]any young adults . . . receive[] special education or related services before they attain[] age 18," and that "'special education' refers to instructional services provided to students through age 21 in primary and secondary education under the Individuals with Disabilities Education Improvement Act of 2004").

The ALJ's failure to consider Dr. Peterson's opinion was not harmless because it impacted his consideration of all of the medical opinion evidence in the case and his assessment of Plaintiff's RFC. Given that the error infected the ALJ's consideration of Dr. Chalstrom's opinion as well, the Court need not reach the other consistency reasons proffered by the ALJ and challenged by Plaintiff with respect to Dr. Chalstrom's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42

U.S.C. § 405(g).  On remand, the ALJ should consider in the first instance Dr. Peterson's opinion in accordance with SSR 11-2p, and should subsequently reconsider the persuasiveness of the medical opinion evidence, including but not limited to Dr. Chalstrom's opinion.  The ALJ shall also recalibrate Plaintiff's RFC and proceed to the remaining steps of the disability determination as warranted.

Dated this 21st day of November, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 8